UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK WENZLICK,

       Plaintiff,                    Civil Case No. 08-CV-12414

v.                                    JUDGE PAUL D. BORMAN
                                    MAGISTRATE JUDGE R. STEPHEN WHALEN

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____/

**OPINION AND ORDER
(1) REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
IN FAVOR OF GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING THE CASE TO THE ADMINISTRATIVE LEVEL;
(2) ACCEPTING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION;
(3) AFFIRMING THE ALJ'S DECISION THAT PLAINTIFF WAS NOT DISABLED;
AND
(4) DISMISSING THE ACTION**

       Before the Court is Defendant, Commissioner of Social Security, Michael J. Astrue's Objection to Magistrate Judge R. Stephen Whalen's July 14, 2009 Report and Recommendation in favor of granting Plaintiff Patrick Wenzlick's Motion for Summary Judgment to the extent that the case is remanded to the administrative level for the determination of whether Plaintiff is entitled to a closed period of benefits. Plaintiff did not file a response to Defendant's Objection.

**I.     BACKGROUND**

       On March 21, 2005, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging a disability date of February 15, 2003. (R. 37-39). After his initial claim was denied, Plaintiff requested an administrative hearing, which was held on November 9, 2007 in Flint,

Michigan before Administrative Law Judge ("ALJ") Peter N. Dowd. (R. 269). On November 27, 2007, the ALJ determined that Plaintiff was not disabled based on his ability to perform his past relevant work, and on April 10, 2008, the Appeals Council denied review. (R. 3-5, 19-20).

On June 6, 2008, Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), challenging a final decision of Defendant's denial of his application for disability benefits under the Social Security Act. Both parties filed summary judgment motions, which were then referred to Magistrate Judge Whalen under 28 U.S.C. § 636(b)(1)(B). Plaintiff's Motion addressed only one issue: whether Defendant erred as a matter of law by determining that Plaintiff had past relevant work as an office manager/salesperson.

In his Report and Recommendation, the Magistrate Judge found that Plaintiff's argument was defeated by the unambiguous language of SSR-96-8p, but nonetheless *sua sponte* recommended that this case be remanded under sentence four of 42 U.S.C. § 405(g), directing the ALJ to consider whether Plaintiff is eligible for a closed period of benefits. Defendant's timely filed Objection to the Report and Recommendation is now before the Court.

## II.   ANALYSIS

### A.   Legal Standard

Where, as here, a magistrate judge has issued a report and recommendation and a party files timely objections to it, the district court conducts a *de novo* review of those parts of the report and recommendation to which the party objects. *See* 28 U.S.C. § 636(b)(1).

### B.   Objection #1: Waiver

Defendant argues that the Magistrate Judge erroneously recommended reversal based upon an issue that was never raised: whether Plaintiff was disabled for a closed period before and after

his hip replacement. Defendant contends that because Plaintiff did not raise the issue, the Court should consider it waived.

A thorough review of Plaintiff's Complaint and Motion for Summary Judgement reveals that Plaintiff has not raised the issue in his appeal. Rather, the sole issue raised by Plaintiff was whether his past work was substantial gainful activity.

Therefore, the question becomes whether the Court may remand Plaintiff's case for administrative review *sua sponte* or whether Plaintiff's claim is waived because he failed to assert a closed period of benefits claim on appeal.

Several courts have found that a reviewing court may order a remand *sua sponte*. *See, e.g.*, *Ignonia v. Califano*, 568 F.2d 1383, 1387 (D.C. Cir. 1977) (citations omitted) ("While a remand request is normally made by a party, there is no reason why a court may not order the remand *sua sponte*."); *Murray v. Schweiker*, 555 F. Supp. 573 575 (D. Mont. 1982) ("[A] reviewing court may order remand *sua sponte*."). While most of the courts that have ordered a remand under 28 U.S.C. § 405(g) *sua sponte* have done so under the sixth sentence of section 405(g),[1] there appears to be at least some precedent for ordering a remand *sua sponte* under the fourth sentence of 28 U.S.C. § 405(g),[2] which is what the Magistrate Judge did in this case. *See Martin v. Comm'r of Soc. Security*, 61 Fed. App'x 191, (Moore, J., dissenting) (quoting *Igonia* in noting that a court has the

---

[1] The sixth sentence of 42 U.S.C. § 405(g) provides that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which

[2] Sentence four states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

authority to remand a case under sentence four *sua sponte*); *Clark v. Callahan*, 96 Civ. 3020 (SAS),1998 U.S. Dist. LEXIS 12724 (S.D.N.Y. Aug. 17, 1998) (modifying a previous order to make the prior sentence six *sua sponte* remand a sentence four *sua sponte* remand).

Thus, the Magistrate Judge's *sua sponte* remand appears to be appropriate. Nevertheless, the Court declines to make a finding as to the propriety of a *sua sponte* remand under sentence four of section 405(g) because the disposition of this case is properly resolved under Defendant's second objection.

### B.     Objection #2: Substantial Evidence

Defendant next argues that in remanding the case to determine whether Plaintiff was eligible for a closed period, the Magistrate Judge appears to have evaluated the evidence from the perspective of whether it could support reversal, instead of whether the evidence would support affirmance of the ALJ's decision. As a result, the Magistrate Judge failed to find that substantial evidence supports the ALJ's determination.

In the Report and Recommendation, the Magistrate Judge concludes that "[w]hile substantial evidence arguably supports the ALJ's finding that Plaintiff could perform exertionally light work at the time of the administrative hearing in November 2007, the record strongly suggests that in the months before and after his March 2006 hip surgery, Plaintiff experienced a period of disability exceeding twelve months." (R & R at 13). The Magistrate Judge further notes that "[t]he ALJ's failure to consider whether Plaintiff was disabled for at least a closed period is in part attributable to his admitted reliance on this June, 2005 Residual Functional Capacity Assessment." (R & R at 15). Thus, according to the Magistrate Judge, the June 2005 residual functional capacity ("RFC") assessment was outdated and the ALJ's reliance on it necessitates a remand for further fact-finding.

For the reasons stated below, the Court agrees with Defendant and rejects the Magistrate Judge's Report and Recommendation. First, Plaintiff's June 21, 2005 RFC assessment, which was utilized by the ALJ in making the disability determination, included a secondary diagnosis of right hip pain. Thus, the June 2005 RFC appears to have properly accounted for Plaintiff's hip injury.

Second, the record indicates that Plaintiff's hip injury did not significantly worsen until November 2005. Dr. Gavin Awerbuch's July 29, 2005 treatment note only states that Plaintiff has incomplete motion of his right hip. (R. 139). It was not until Plaintiff's November 11, 2005 visit with Dr. Awerbuch that Dr. Awerbuch's discussion of Plaintiff's hip issues intensified, noting that Plaintiff has "ongoing right pain and trouble standing and walking," has to "frequently lay or change position," "has an antalgic gait," and "has trouble squatting." (R. 137). Still, Plaintiff did not decide to undergo hip replacement surgery until his first visit with Dr. James R. Weir on February 15, 2006. (R. 130). During that exam, Dr. Weir noted that Plaintiff had "severe bone on bone deformity and wearing of the proximal acetabulum," which caused Plaintiff to suffer "marked decreased range of motion to his right hip and a great deal of pain." (R. 130).

Finally, and most importantly, Plaintiff's treatment notes following the surgery indicate that Plaintiff had a fast recovery. Plaintiff underwent hip replacement surgery on March 3, 2006. (R. 136). At his April 5, 2006 visit with Dr. Weir, Dr. Weir noted Plaintiff's "range of motion is coming along very nicely. His x-rays are very, very solid." (R. 147). Then, after Plaintiff's next visit on May 31, 2006, Dr. Weir noted that Plaintiff's "*hip range of motion is excellent*. He has done a very good job with his exercising. Today[,] he is going to continue with his *full activities* and we will see him back here in a year." (R. 147) (emphasis added).

Less than twelve months had passed from Plaintiff's June 21, 2005 RFC to his May 31, 2006

5

visit releasing him to full activity, and even less time had passed from the time his hip condition intensified in November 2005 to his being cleared for full activity. In addition, Plaintiff had stopped using a cane by his August 4, 2006 visit to Dr. Wenzlick, so he was only using some sort of ambulatory device (e.g., crutches or a cane) for a maximum of five months. Thus, to the extent that his use of crutches or a cane for his hip injury caused a further worsening of his wrist problems, any such worsening would have lasted far less than required twelve month closed period of disability. Accordingly, the Court cannot find that the ALJ's reliance on the June 2005 RFC warrants a remand.

### III.    CONCLUSION

For these reasons, the Court:

(1)    **REJECTS** the Magistrate Judges's Report and Recommendation in favor of remanding the case to the administrative level for a determination of whether Plaintiff is entitled to a closed period of benefits;

(2)    **ACCEPTS** Defendant's Objections to the Magistrate Judge's Report and Recommendation;

(3)    **AFFIRMS** the ALJ's decision that Plaintiff was not disabled; and

(4)    **DISMISSES** the action.

**SO ORDERED.**

S/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  August 28, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 28, 2009.

                                          S/Denise Goodine
                                          Case Manager